## A. Miner Wellman, Executor, v. Sarah W. Miner et al.

1. LIMITATIONS—*New Promise, Burden of Proof.*—When a party seeks to avoid the effect of the statute of limitations by alleging a new promise, the burden of proof is upon him to show such new promise as alleged.

**Bill,** for foreclosure. Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed February 9, 1898.

CALVIN RAYBURN, attorney for appellant; OWEN T. REEVES and A. L. ELLIOTT, of counsel.

An action to foreclose a mortgage may be maintained so long as a concurrent action exists at law for the collection of the debt, to secure which the mortgage is given, which proposition seems to be well established. A mortgage right of foreclosure is not barred until the debt itself is barred by the statute of limitations. Roberts v. Tunnell, 165 Ill. 631; Harris v. Mills, 28 Ill. 44; Brown v. Devine, 61 Ill. 260; Medley v. Elliott, 62 Ill. 532; Hagan v. Parsons, 67 Ill. 170; McMillan v. McCormick, 117 Ill. 79; Schifferstein v. Allison, 123 Ill. 662; Pollock v. Maison, 41 Ill. 516.

LILLARD & WILLIAMS, attorneys for appellee; EDWIN H. MINER, of counsel.

Contended that the statute of limitations is a statute of repose, passed on considerations of public policy for the general good of society. After the lapse of the statutory period, the debt is conclusively presumed to be paid. Neustacher v. Schmidt, 25 Ill. App. 631.

The Am. and Eng. Ency. of Law, Vol. 13, on page 692, states in the text: "Statute of limitation are now almost universally regarded favorably as statutes of repose, and liberally construed, and the older decisions to the contrary are disapproved." Even the English courts hold "long dormant claims have more of cruelty than of justice in them." A'Court v. Cross, 3 Bing. 329; Angell on Limitations (5 Ed.), Paragraph 2.

It is the law in Illinois that when notes were given under the sixteen year limitation statute and payments were made after the enactment of the ten year statute, such payments having the element of renewal, the renewals are governed by the new statute providing ten years only. The present ten year statute was passed and became operative in 1872. This is not controverted by appellant, and if disputed the law is clear. Drury v. Henderson, 143 Ill. 315; Drury v. Henderson, 36 Ill. App. 523; Baldwin v. Baldwin, 26 Ill. App. 176; Ziegler v. Tennery, 23 Ill. App. 133.

The Supreme Court of this State holds the payee's indorsement is incompetent as evidence and is no proof of payment. Drury v. Henderson, 36 Ill. App. 521, 143 Ill. 318; Connelly v. Pierson, 4 Gil. 108; Lowery v. Gear, 32 Ill. 383; Kallenbach v. Dickinson, 100 Ill. 434.

The declarations of a deceased creditor, made in the absence of his debtor, whether verbal or in writing, such as the writings indorsed on the papers in this suit, are not admissible as evidence in a suit by his executor. Treadway v. Treadway, 5 Ill. App. 478.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

Appellant filed October 13, 1894, in the Circuit Court of McLean County, his bill to foreclose three mort-

gages, executed by Simon G. Miner to Asher W. Miner, the latter being the appellant's intestate. One dated June 1, 1866, securing note of same date due three years after date, for $2,500. One dated February 25, 1867, securing note for $1,153.55 of same date, due three years after date. One dated July 9, 1873, securing note for $5,981.66, of same date due one year after date. All of said notes were signed by Simon G. Miner, and payable to A. W. Miner, with interest at seven per cent per annum, payable annually; and each of said three mortgages conveyed the same premises, situated in McLean County, Illinois.

Appellant in his bill alleges that within ten years Simon G. Miner made part payments upon the said note of June 1, 1896; came to an accounting, and upon such accounting was owing Asher W. Miner money upon the said note; that Simon G. Miner within ten years before the filling of the bill promised in writing to pay the amount unpaid upon said note.

That as to the note bearing date February 25, 1867, for $1,153.55, Simon G. Miner made partial payments within ten years prior to the filing of the bill; that within ten years said Simon G. Miner came to an account with Asher W. Miner, and upon said accounting there remained due and owing the money as alleged in the bill; and within ten years before the filing of the bill, Simon G. Miner acknowledged in writing that he was indebted and promised to pay upon the said note the sum of money alleged.

That as to note dated July 9, 1873, for $5,981.66, Simon G. Miner, within ten years before the filing of said bill, made a part payment upon the said note, and acknowledged thereby, that he owed the money due upon said note as alleged; that Simon G. Miner and Asher W. Miner, within ten years, came to an accounting on said note, and there was found a balance due, which

sum Simon G. Miner promised to pay. That within ten years as to the note of July 9, 1873, Simon G. Miner acknowledged in writing, he was indebted to Asher W. Miner, and he promised to pay said note; that as to promissory notes mentioned, the partial payments made, and the acknowledgment of the indebtedness, and the payment of a part of the amount due upon the respective notes, remove the bar of the statute of limitations from the cause of action upon notes; that the cause of action upon each of said notes did accrue as to each of the same within ten years before the said bill was exhibited.

Answer of the defendants deny that within ten years Simon G. Miner made any payments on either of the notes mentioned; deny that Simon G. Miner came to an accounting upon each or either of said notes; deny that Simon G. Miner promised in writing to pay the amount unpaid upon said notes.

Defendants plead statute of limitations upon the notes and mortgages, and deny all averments of payment or new promises, in writing or acknowledgment of indebtedness in writing within ten years; aver that ten years' bar of the statute of limitations has been against each of said notes and mortgages after all payments or new promises; that all right of action has been barred before the commencement of this action.

General replication by appellant.

The case was by the court below referred to the master to take the evidence and report conclusions. The master reported to the court that the payments made on these notes aggregated $10,914.18, and that the notes and mortgages, upon which this suit is brought, were all barred by the statute of limitations, and that there should be a decree dismissing the bill.

Exceptions to the master's report were made by the

appellant and overruled by the court, and a decree entered dismissing the bill of appellant; and he appeals to this court, and assigns as error, the action of the court below in overruling exceptions to the master's report, and dismissing the bill.

This case was ably argued in this court orally by counsel for both sides, and painstaking briefs were also filed by counsel for both sides for our consideration, and we have fully and patiently considered them all; have also carefully read all the evidence contained in this record and fully considered the same, and therefrom we are constrained to concur with the court below in the conclusion it reached in this case.

We are satisfied that all three notes secured by the three mortgages, sought to be foreclosed in this proceeding, were barred by the statute of limitation, as contended for by appellees; and that appellant fails to prove any new promises as alleged.

Hence we affirm the decree of the court below herein. Decree affirmed.